UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FULTON Q. GRIFFITH,

    Petitioner,

-vs-                                                        Case No.  8:11-CV-1606-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. The petition is a successive petition. (See Case No. 8:08-cv-457-T-17TBM).

    Petitioner's original petition was denied by this Court. Petitioner appealed. The Eleventh Circuit declined to issue a certificate of appealability.

**Discussion**

    On April 24, 1996, the President signed into law several habeas corpus amendments, one of which places limits on the filing of second or successive petitions.  The amendment provides in pertinent part that before a second or successive application for habeas corpus relief is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Although Petitioner filed the instant petition after the enactment of the

aforedescribed amendment, and the present petition is clearly a second or successive petition, Petitioner has not shown that he has applied to the court of appeals for an order authorizing this court to consider his application.

    ACCORDINGLY, the Court **ORDERS** that:

    1. Petitioner's petition (Dkt. 1) is **DISMISSED** without prejudice.

    2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

    3. The **Clerk** shall terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

    **IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly a second or successive petition, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2011.

                                                                          /s/ James S. Moody, Jr.
                                                                          JAMES S. MOODY, JR.
                                                                          UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner

3